UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA VIVIENNE RIOTT,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00678-HBK<br><br>ORDER TO ASSIGN A DISTRICT JUDGE[1]<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PARTIES' JOINT MOTION TO REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g), REVERSE FINAL DECISION AND REMAND CASE<br><br>(Doc. No. 16)<br><br>ORDER FINDING MOTION FOR SUMMARY JUDGMENT MOOT<br><br>(Doc. No. 15) |

Pending before the Court is the parties' Joint Motion to Remand filed on July 7, 2022. (Doc. No. 16). Plaintiff Monica Vivienne Riott and the Commissioner of Social Security agree that this case should be remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (*Id*. at 1-2).

---

[1] As of the date of these Findings and Recommendations, Plaintiff has not returned a consent to jurisdiction or decline to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c)(1), but the form was not due until July 26, 2021. (Doc. No. 3). In order to expedite this matter, the undersigned has issued these Findings and Recommendations and directed the Clerk to assign the case to a district judge.

The United States Supreme Court held that the Social Security Act permits remand in conjunction with a judgment either affirming, reversing, or modifying the Secretary's decision. *See Melkonyan v. Sullian*, 501 U.S. 89, 97-98 (1991) (addressing issue of attorney's fees under the Equal Access to Justice Act and calculating deadline using date of final judgment). The *Melkonyan* Court recognized 42 U.S.C. § 405(g) contemplates only two types of remand – sentence four or sentence six. *Id.* at 98. A sentence four remand authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without resetting the cause for a rehearing." *Id.* (other citations omitted).

The undersigned recommends the district court grant the parties' stipulated motion to remand. As agreed by the parties, upon remand the "agency will re-evaluate the medical source opinions, take any further action to complete the administrative record, and issue a new decision." (Doc. No. 16 at 1).

Accordingly, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district court judge.

It is further **RECOMMENDED**:

1. The district court GRANT the parties' Joint Motion to Remand (Doc. No. 16), REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings consistent with this Order.

2. The district court MOOT Plaintiff's Motion for Summary Judgment (Doc. No. 15).

3. The district court direct the Clerk to enter judgment in favor of Plaintiff, terminate all deadlines, and close this case.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). No later than fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the District Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d

834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  **In the alternative, the parties may elect to file a "Notice of No Objections to Magistrate Judge's Findings and Recommendations" in an effort to expedite this matter, if appropriate.**

Dated:    July 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE