**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONICA VIVIENNE RIOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  1:21-cv-0678 JLT HBK<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES<br><br>(Doc. 25)<br><br>ORDER DIRECTING THE CLERK OF COURT TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Jonathan O. Peña of Peña & Bromberg, PC, counsel for Plaintiff Monica Vivienne Riott, seeks attorney's fees pursuant to 42 U.S.C. § 406(b) on October 13, 2023.  (Doc. 25.)  Neither Plaintiff nor the Commissioner of Social Security have opposed the motion.  For the reasons set forth below, the motion for attorney's fees is **GRANTED** in the amount of $23,582.00, subject to an offset of $6,500.00 in fees previously awarded under the Equal Access to Justice Act.

**I.　　Relevant Background**

Plaintiff entered into a "Fee Agreement- Federal Court SSI/ Social Security Disability" with Counsel on April 14, 2021.  (Doc. 25-2 at 1-2.)  In the agreement, Plaintiff indicated that if she was awarded any past-due / retroactive benefits, she would pay 25% of the amount awarded to Counsel.  (*Id.* at 1.)  Pursuant to the terms, Plaintiff agreed: "[M]y attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court.  If the court awards an attorney fee out of my past-due benefits and also awards an

EAJA fee for that same work, my attorney must refund to me the smaller fee." (*Id.*) In addition, Plaintiff acknowledged the Social Security Administration would hold 25% of any past-due benefits for the payment. (*Id.*)

On April 22, 2021, Plaintiff initiated this action seeking judicial review of an administrative decision denying her claim for disability insurance benefits and supplemental security income benefits under the Social Security Act. (Doc. 1.) On July 28, 2022, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 16, 18-19.) Following the entry of judgment in favor of Plaintiff, the Court awarded $6,500.00 in attorney fees under the Equal Access to Justice Act. (Docs. 23, 24).

Upon remand, the Commissioner found Plaintiff disabled beginning on August 17, 2012. (Doc. 25-1). Plaintiff was awarded $94,328.00 in retroactive benefits,[1] and the Administration withheld $23,582.00 for attorney's fees. (*Id.* at 3.)

On October 13, 2023, Counsel filed this motion for attorney's fees in the amount of $23,582.00, with an offset of $6,500.00 for EAJA fees already awarded. (Doc. 25.) Counsel indicated Plaintiff was served by U.S. mail with the motion, which contained a notice to Plaintiff that any opposition was due within 14 days. (*Id.* at 2, 9.) To date, Plaintiff has not filed an opposition, or otherwise responded to the motion for fees. The Commissioner "neither supports nor opposes counsel's request." (Doc. 27 at 2.)

**II.     Attorney Fees under § 406(b)**

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled …

42 U.S.C. § 406(b)(1)(A). Counsel for a plaintiff may recover attorneys' fees under both 42 U.S.C. § 406(b) and the EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). However,

---

[1] Plaintiff indicates this amount was calculated by multiplying the 25% of past due benefits amount by four ($23,582.00 x 4). (*See* Doc. 25 at 3; Doc. 25-1 at 3.)

counsel must refund to the plaintiff the amount of the smaller fee. *Id.*

Fees in Social Security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020); *see also Crawford v. Astrue,* 586. F.3d 1142, 1155 (9th Cir. 2009) (observing that "virtually all attorneys charge a contingency fee" in Social Security cases). District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). Nevertheless, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

In evaluating the reasonableness of a fee request, the Court should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Court should also consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford*, 586 F.3d at 1149. Importantly, a contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount of 25 percent. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."); *see also Crawford*, 586. F.3d at 1155 ("42 U.S.C. § 406(b) sets the maximum percentage that may be charged for representing a claimant in district court at 25 percent of past benefits recovered). The burden is upon counsel to show the fees requested are reasonable. *Gisbrecht*, 535 U.S. at 807.

**III.    Analysis**

Plaintiff signed a contingent fee agreement providing "[her] attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won." (Doc. 25-2 at 1.) Counsel accepted the risk of loss in the action and expended a total of 31.5 hours while representing Plaintiff before the District Court. (Doc. 25-3 at 1-2.) Tasks undertaken included reviewing the administrative record, summarizing the medical evidence, legal research, and preparation of the opening brief. (*See id.*) The time Counsel spent representing Plaintiff does not appear inflated.

Counsel was ultimately successful in securing $94,328.00 in retroactive benefits for Plaintiff. (Doc. 25-1 at 3.) For this, Counsel requests a fee of $23,582.00, which is equal to the 25% of the past-due benefits withheld for fees. (Doc. 25 at 5.) Because $6,500.00 was previously approved under the EAJA, and Counsel will refund this amount, the net cost to Plaintiff is $17,082.00. (*See* Doc. 25 at 6.)

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct. Plaintiff secured a remand for payment of benefits following the appeal, including an award of past-due benefits beginning December 2013. (Doc. 25-1 at 1.) Finally, the fees requested do not exceed 25% maximum permitted under 42 U.S.C. §406(b) or the amount agreed upon by counsel and Plaintiff. (*See* Doc. 25-2 at 1.) Plaintiff did not oppose the request and thereby indicates an implicit belief that the total amount requested for attorney fees is reasonable.

Counsel's request for $23,582.00 in fees for 31.5 hours of work results in an hourly rate of $748.63 for the attorney work. (Doc. 25 at 5.) Previously, the Ninth Circuit found similar hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00). More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time. *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020). Thus, the hourly rate does not weigh against a finding the fees requested are reasonable.

**IV.     Conclusion and Order**

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Counsel are reasonable. *Gisbrecht,* 535 U.S. at 807-08. However, an award of Section 406(b) fees must be offset by any prior award of attorneys' fees granted under the EAJA. 28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796. Because Plaintiff was previously awarded $6,500 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

///

Accordingly, the Court **ORDERS**:

1. The motion for an award of attorney's fees (Doc. 25) is **GRANTED**.
2. Plaintiff's Counsel is **AWARDED** $23,582.00 in attorney fees pursuant to 42 U.S.C. § 406(b).
3. The funds **SHALL** be paid to Counsel out of the funds withheld by the Social Security Administration.
4. After payment of fees, any remaining funds being held by the Administration **SHALL** be released to Plaintiff Monica Vivienne Riott.
5. Plaintiff's Counsel **SHALL** refund $6,500.00 to Plaintiff as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).
6. The Clerk of Court is directed to serve a copy of this Order on Plaintiff Monica Vivienne Riott, 29042 Sequoia Ct., Coarsegold, CA 93614.

IT IS SO ORDERED.

Dated:   **November 7, 2023**

UNITED STATES DISTRICT JUDGE